Betty **FULTON**, as next friend and wife of Fred Fulton, Petitioner,

v.

The Honorable Donald **LANE**, Judge of the District Court, Tulsa County, Oklahoma, Respondent.

No. 78687.

Supreme Court of Oklahoma.

Feb. 14, 1992.

Rehearing Denied April 28, 1992.

## ORDER

■ Upon consideration of the application to assume original jurisdiction and the petition for writ of mandamus, THE COURT FINDS:

1) The petitioner, Betty Fulton (Fulton), filed an action in the Tulsa County District Court against St. Simeon's Episcopal Home, Inc. (St. Simeon's). The petition alleges that St. Simeon's, through its employees, was negligent in its care and maintenance of Fulton's husband. After taking depositions of some of the St. Simeon employees, Fulton's attorney conducted other ex parte interviews with employees.

2) Pursuant to 12 O.S.Supp.1989 § 3226, St. Simeon filed a motion for a protective order preventing Fulton from conducting ex parte communications with St. Simeon employees. On November 25, 1991, the trial court sustained the motion and entered an order prohibiting all ex parte communications with any employee or former employee of St. Simeon's regarding any facts, information or opinions concerning the negligence action.

3) The attorney-client privilege does not bar a plaintiff's attorney from interviewing a defendant corporation's employees. *Wright v. Group Health Hospital,* 103 Wash.2d 192, 691 P.2d 564, 567, 50 A.L.R.4th 641, 645 (1984). Rule 4.2, 5 O.S.Supp.1988, Ch. 1, App. 3–A, prohibits ex parte communications about the subject of representation with a party the lawyer knows to be represented by counsel without the consent of the opposing attorney. However, the Committee Comments to Rule 4.2 indicate that not all communication with the employees of an organization represented by counsel are prohibited. The Committee Comment provides in pertinent part:

"... In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other persons whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization...."

4) Rule 4.2 does not prohibit communications with all of St. Simeon's employees and former employees. However, its application may extend beyond those employees controlling the corporation. *Upjohn Co. v. United States,* 449 U.S. 383, 390, 101 S.Ct. 677, 683, 66 L.Ed.2d 584, 591–92 (1981). In litigation involving corporations, Rule 4.2 applies to only those employees who have the legal authority to bind a corporation in a legal evidentiary sense, i.e., those employees who have "speaking authority" for the corporation. *Chancellor v. Boeing Co.,* 678 F.Supp. 250, 252–53 (D.Kan.1988); *Wright,* supra; Annot., "Right of Attorney to Conduct Ex Parte Interviews with Corporate Party's Nonmanagement Employees," 50 A.L.R.4th 652, 657–58 (1986).

5) Fulton is prohibited from conducting ex parte interviews with St. Simeon employees if they have managing authority sufficient to give them the right to speak for, and bind, the corporation. Because former employees may not speak for or bind the corporation, ex parte communications with former employees are not prohibited.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that original jurisdiction is assumed and the petition for

writ of mandamus is granted. The petitioner, Betty Fulton, is prohibited from conducting ex parte interviews with St. Simeon employees having managing authority sufficient to give them the right to speak for, and bind, the corporation. Because former employees may not speak for or bind St. Simeon, ex parte communications with former St. Simeon employees are not prohibited.

OPALA, C.J., HODGES, V.C.J., and DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

LAVENDER, SIMMS, HARGRAVE and SUMMERS, JJ., dissent.